

# UNITED STATES DISTRICT COURT EASTERN DISTRICT
# OF CHATTANOOGA, TENNESSEE

DOUGLAS A DYER

*Petitioner*

V.   Civ. A. No 1:21-cv-299

MICHELLE FULGAM, in her capacity

As Acting Manager of the Nashville, TN

RRM, with responsibility of the

Chattanooga, Tn Halfway House

*Respondent*

## AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS
## UNDER 28 U.S.C. 2241

Douglas A. Dyer #52293-074

179 Callaway Ct

Chattanooga, Tn 37421

423-661-1729 dougdyer11@gmail.com

Michelle Fulgam, Acting Manager, Nashville, Tn RRM

Residential Reentry Office

400 State St., Ste 800

Kansas City, KS 66101

913-551-1139

Your honor and this Court, I apologize for filing this Amendment to My Motion for a Writ of Habeas Corpus, under 28 U.S.C. 2241 only a few days after My initial filing on December 1, 2021. However, on December 7, 2021 In the United States District Court, District of Oregon in the Case of *Adrian Cazares v. Dewayne Hendrix, Warden FCI Sheridan* (Case No. 3:20 cv-02019-AC) United States Magistrate Judge John V. Acosta made a ruling that has bearing on My Case. Judge Acosta in his ruling, finding and recommendation "Based on the foregoing, the court should GRANT in part petitioners' consolidated habeas actions. Specifically, the court should direct respondent to review each of the consolidated petitioner's case files and calculate and **award** applicable Earned Time credits **without delay** and in accordance with the court's guidance concerning what constitutes a qualifying EBRR program or PA and what constitutes a "day" under the FSA."

On December 7, 2021 In *Cazares v. Hendrix*, both parties signed a joint Agreement to **immediately** award FSA Earned Time Credits. In the agreement No Objections on the following :

" Counsel for the Parties have conferred regarding implementation of the Findings and Recommendation and determined that none of the Parties will enter objections. The BOP will review each of the consolidated petitioners' case files and calculate and award applicable Earned Time credits without delay, in accordance with the guidance set forth in Judge Acosta's Findings and Recommendations.

The Parties recognize that the phase-in period for the FSA expires on January 15, 2022, and it is expected that the BOP will issue new regulations

/

regarding implementation of the FSA after the phase-in period. The Parties' determination not to object to Judge Acosta's Findings and Recommendation is made without waiving any arguments in future litigation regarding the BOP's implementation of the FSA."

It is also extremely relevant in My case as in *Cazares v. Hendrix* in Judge Acosta's <u>**Calculation of Earned Time Credits-What Constitutes a "Day"**</u>

"First, when Congress drafted the subject language and chose to award time credits based on days, not hours, of participation, it is reasonable to presume that involved agency stakeholders were aware of the BOP's well-established practice of awarding a full day of credit for any amount of time in custody or detention, unless the sentencing court imposed a sentence of an exact term of hours. Accordingly, the court is persuaded that Congress likely intended the term "day" to take on this same legal meaning and that it is fair to hold the BOP to its established use of the word."

Again, as in My Motion, a Federal Judge rules on Congressional intent. With the "on the record" statements, directives and speeches on the Congressional floor that have been outlined in My Motion, the **intent** of Congress could not be clearer on FSA.

Considering that based on recent rulings in this matter, I respectfully request this Court to issue a recommendation to have the BOP to immediately calculate my Earned Time Credits as set forth in recent cases like *Cazares v Hendrix, O'Bryan v. Cox (Sept 1,2021) Bains v. Quay(October 27, 2021) as well as Hare and Goodman v. Ortiz.* With the clear intent of Congress and the Department of Justice Inspector General Michael Horowitz investigation (released on November 17, 2021) that found that BOP has failed to apply 60,000 inmates with their Earned Time Credit, this request is clearly not out of line. With the proper calculation and **Congressional mandate** awarding of My Earned Time Credits I should have been moved to Supervised Release in April of 2021.

To continue to delay this move violates my civil rights as each day goes by

2

and I am being illegally incarcerated.

I understand in most Motions that this Court gives ample time for the Respondent, in this case the BOP, to file a response and I respect that fairness. However, they responded to this same Motion July 19, 2021. In all actuality the BOP response will be exactly the same as before.

Considering time is of the essence I respectfully ask this Court to instruct the BOP to answer this Motion in a much shorter time period or have this court instruct the BOP to calculate and immediately award my Earned Time Credits and transfer me to Supervised Release.

Respectfully Submitted

*/s/ Douglas A. Dyer*

Douglas A. Dyer #52293-074

3