# UNITED STATES DISTRICT COURT EASTERN DISTRICT
# OF CHATTANOOGA, TENNESSEE



DOUGLAS A DYER

*Petitioner*

V.                           Civ. A. No 1:21-cv-299

MICHELLE FULGAM, in her capacity

As Acting Manager of the Nashville, TN

RRM, with responsibility of the

Chattanooga, Tn Halfway House

*Respondent*

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS
## UNDER 28 U.S.C. 2241
## EMERGENCY AMENDMENT

Douglas A. Dyer #52293-074

179 Callaway Ct

Chattanooga, Tn 37421

423-661-1729  dougdyer11@gmail.com

Michelle Fulgam, Acting Manager, Nashville, Tn RRM

Residential Reentry Office

400 State St., Ste 800

Kansas City, KS 66101

Your honor, I again apologize to this Court for this Emergency Amendment to my Habeas Corpus Motion. However, on January 12, 2021 I received a copy of a BOP internal Memo that has an immediate affect on my case.

The Federal Bureau of Prisons has been stalling full implementation of *First Step Act* earned time credits for three years now, but the clock runs out in a few days ( January 15, 2022) By then, the BOP is supposed to have the earned-time credit program (which the BOP is called "Federal Time Credits") fully implemented.

Under the FTC program, prisoners who successfully complete recidivism reduction programming and productive activities are eligible to earn up to 10 days of FTCs for every 30 days of program participation. Minimum and low-risk inmates will get 15 days. But the list of programs and productive activities is limited, the list of eligible prisoners is even more limited, and the BOP has thus far fought inmates' efforts to win any credit.

That has resulted in decisions such as an Oregon holding from November *Cazares v. Hendrix,* that the BOP's belief that "may delay awarding time credits to inmates that complete qualifying programming until January 15, 2022, is contrary to the statute."

*Forbes* magazine last week published portions of an "internal memorandum posted at some prison camps." ( I have attached a copy of the actual Internal Memo that I received a copy of on January 12, 2022) The memo said that beginning in January 2022, the Bureau will begin applying FTC under this update. The Memo also states that Earned Time Credits are to be calculated, retroactively back to December 21, 2018 (date of enactment of the FSA). The Memo also states that priority be given those inmates we project for immediate release, that would clearly be myself.

The BOP plans to apply the first 365 days of FTC time to early release, with "Any FTC earned beyond that may be applied toward community placement." The BOP plans to update sentence computations in the next few months, with the Bureau's Designation and Sentence Computation Center to "prioritize based on those inmates we project to be immediate releases, beginning with inmates in community placement." Again, that would be my situation.

*Forbes* predicts that "far from clarifying things... implementation of [FTC]... will be almost impossible over the near term. This affects multiple levels of the criminal justice system; prisons, halfway houses, home confinement, and supervised release. It is an intricate web of agencies that manage the incarceration and supervision of hundreds of thousands of people in the federal criminal justice system. Thousands will file lawsuits whether they are in prison, halfway houses, home confinement, or supervised release, fighting for their right to a broadly defined, and subject to BOP discretion, FSA credit... This is going to be more complicated than anyone ever imagined." Again, where Congressional intent and interpretation is clear, as in this case, that is the end of the matter and no BOP discretion should be allowed, See *Chevron U.S.A, Inc v Natural Resources Defense Council. Inc.*

As of today, the rulemaking proceeding has not been completed, yet another failure of the BOP to get anything done on time. Not only was the BOP given 3 years to do this, It was also granted $180,000,000 from 2018-2021 above their budget to get this implemented. What's more, Senator Richard Durbin (D-Illinois), chairman of the Judiciary Committee, and Committee Ranking Member Senator Charles Grassley (R-Iowa) jointly blasted the proposed rule last May, asking the Attorney General to "reevaluate and amend the rule consistent with the statute's goals of incentivizing and increasing program participation to reduce recidivism. Establishing robust programming and a fair system to earn time credits is critical to meeting the *FSA's* goal of reducing recidivism."

Durbin and Grassley are the fathers and authors of the *First Step Act*, suggesting that perhaps they know what they meant when they wrote it.

Your honor, I implore this court to please hold the BOP to the same standards that any other law requires. That when Congress passes a law it is not merely a "suggestion".

I have also included a copy of the Department of Justice, Office of the Inspector General 's Management Advisory Memo to the Director of the BOP. Here the OIG blasts the BOP for their illegally delaying implementation of the First Step Act. Also "The OIG is concerned that the delay in applying Earned Time Credits may negatively affect inmates who have earned a reduction in their sentence...."

On January 17, 2022, the first business day after the January 15, 2022 deadline I respectful request that this court order the BOP to apply my lawfully earned Earned Time Credits and immediately release me to Supervised Release. I should also be compensated for the previous 9 months that I have been unlawfully incarcerated. Especially now that through this BOP Internal Memo, the BOP is admitting their mistake and clearly Earned Time Credits were earned from December 21, 2018 as the law was clearly written.

Respectfully submitted

Douglas A. Dyer #52293-074   January 13, 2022

179 Callaway Ct.

Chattanooga, Tn 37421

Dougdyer11@gmail.com

423-661-1729

Cc: Debra Breneman, AUSA Tennessee Eastern District Debra.Breneman@usdoj.gov

EXHIBIT

BOP INTERNAL MEMO

# Talking Points - FSA FTC Implementation

Under the First Step Act of 2018 (FSA), eligible inmates may earn Federal Time Credit (FTC) for successful participation in Evidence-Based Recidivism Reduction Programs and Productive Activities.

Inmates are now eligible to earn FTC retroactively back to December 21, 2018; this award will be based on criteria established by BOP.

FTC is not earned while the inmate was or is in SHU, outside the facility (e.g. writ, outside hospital, etc.), or in FRP Refuse.

Beginning in January 2022, the Bureau will begin applying FTC under this update.

While inmates with High and Medium PATTERN risk levels are eligible to earn FTC, only those with Low and Minimum levels are eligible to apply them.

Additionally, the following inmates are ineligible for FTC:
- Federal inmates in state custody
- State boarders in BOP custody
- DC Superior Court inmates
- Military code inmates
- Old Law/Parole inmates

Inmates **must** have a Supervised Release term following their incarceration in order for FTC to be applied toward their release. Inmates without Supervised Release are eligible to apply credits toward Residential Reentry Center (RRC) and home confinement (HC).

If eligible, all time credits up to 365 days may be applied toward an inmate's release. Any FTC earned beyond that may be applied toward community placement.

We expect it to take several weeks to update all necessary sentence computations, DSCC will prioritize based on those inmates we project to be immediate releases, beginning with inmates in community placement. As sentence computations are completed, unit management staff will advise inmates of their status, develop release plans, and prepare release and/or RRC/HC referral paperwork. Development of quality release plans will require the involvement and cooperation of the individual inmate.

RRC/HC referrals will be for no less than 30 days, and inmates must otherwise be eligible for RRC placement. Inmates requiring a relocation of their Supervised Release will require an approved release plan prior to submission of the RRC referral.

EXHIBIT

Office of Inspector General, Department of Justice

Memo to Director of BOP  November 16, 2021



DEPARTMENT OF JUSTICE | OFFICE OF THE INSPECTOR GENERAL

FOR IMMEDIATE RELEASE
November 16, 2021

## DOJ OIG Releases Management Advisory Memorandum on the Impact of the Failure to Conduct Formal Policy Negotiations on the BOP's Implementation of the FIRST STEP Act and Closure of OIG Recommendations

Department of Justice (DOJ) Inspector General Michael E. Horowitz today released a Management Advisory Memorandum to the Director of the Federal Bureau of Prisons (BOP) concerning critical issues that the Office of the Inspector General (OIG) has identified during its ongoing Review of the BOP's Policy Development Process. The OIG found that the BOP has not conducted formal policy negotiations with its national union for 20 months, which has disrupted aspects of the BOP's implementation of the FIRST STEP Act of 2018 and further delayed policy changes to address OIG recommendations on systemic correctional and safety issues.

Under federal law, the BOP must negotiate policies with its national union when those policies affect the conditions of employment of the more than 30,000 BOP bargaining unit employees, and the BOP union contracts provide for in-person policy negotiations. However, BOP management has declined to meet in person with the national union during the COVID-19 pandemic and instead, has proposed remote video meetings. The BOP national union has insisted on in-person negotiations given that in-person negotiations are provided for in BOP union contracts and its membership has been reporting to work in person throughout the pandemic.

The OIG found that at the time of its fieldwork the lack of formal policy negotiations had stalled the development of more than 30 BOP policies, about half of which were created or revised in response to the FIRST STEP Act. Notably, the OIG found that the BOP has not applied earned time credits to any of the approximately 60,000 eligible inmates who may have completed evidence-based recidivism reduction programs or productive activities because a rule that would codify the BOP's procedures for time credits has not been finalized and the BOP must complete policy negotiations on its time credits policy. The OIG is concerned that the delay in applying earned time credits may negatively affect inmates who have earned a reduction in their sentence or an earlier placement in the community.

In addition, the OIG found that the lack of formal negotiations has significantly delayed the BOP's implementation of 27 policy-related recommendations from 7 OIG reports issued since 2015 that have remained open for an average of 3 years.

The OIG made two recommendations to help resume formal policy negotiations between the BOP and its national union. The BOP generally agreed with both recommendations and reported that it will be

commencing in-person meetings with the national union in November 2021 and that it has informed the national union that it intends to resume formal in-person negotiations in December 2021.

**Memorandum:** Today's memorandum is available on the OIG's website at the following link: https://oig.justice.gov/reports/management-advisory-memorandum-impact-failure-conduct-formal-policy-negotiations-federal

**Video:** To accompany today's memorandum, the OIG has released a 2-minute video of the Inspector General discussing the report's findings. The video and a downloadable transcript are available at the following link: https://oig.justice.gov/news/multimedia/video/message-inspector-general-impact-failure-conduct-formal-policy-negotiations

###