UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DOUGLAS A. DYER, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No.: 1:21-CV-299-CLC-CHS |
| MICHELLE FULGAM, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Douglas A. Dyer filed a pro se federal habeas petition, as amended, under 28 U.S.C. § 2241, challenging the calculation and application of his earned-time credits under the First Step Act ("FSA") [Docs. 1, 4, 5, and 9]. Respondent moved to dismiss the petition as moot [Docs. 11, 14], and Petitioner filed objections to the motion [Docs. 12, 15]. For the reasons set forth below, the Court finds that Respondent's motion should be **DENIED**, the petition should be **GRANTED**, and Petitioner's unused earned-time credits should be applied to Petitioner's term of supervised release.

**I.   BACKGROUND & PROCEDURAL HISTORY**

On September 29, 2017, this Court sentenced Petitioner to sixty months of imprisonment and three years of supervised release conspiracy to commit mail and wire fraud, tax evasion, and criminal contempt [Doc. 11-1, Judgment in *United States v. Douglas A. Dyer*, Case No. 1:17-CR-53-02-TRM-SKL]. Petitioner was expected to complete that sentence on March 4, 2022 [Doc. 11-2]. In June 2020, the Bureau of Prisons ("BOP") transferred Petitioner to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281, 516 [Doc. 11-3].

On May 14, 2021, Petitioner filed a habeas petition claiming that the earned-time credits he had accrued under the First Step Act of 2018 ("FSA") entitled him to release to supervised release [Doc. 1 in Case No. 1:21-cv-104]. *See* FSA, Pub. L. No. 115-391, 132 Stat. 5194. The Court dismissed that petition for Petitioner's failure to exhaust his administrative remedies with the BOP prior to filing suit [Docs. 15, 16 in Case No. 1:21-cv-104].

In December 2021, Petitioner filed the instant action, as later amended, maintaining that he was entitled to immediate application of FSA earned-time credits and financial compensation for the time he spent incarcerated due to the BOP's failure to timely apply the credits [Docs. 1, 4, 5, and 9]. On January 13, 2022, the BOP promulgated its final rule and regulations concerning FSA time credits, including a determination that inmates could earn time credits for qualifying activities starting December 21, 2018. *See* C.F.R. 523.40, *et seq*; 18 U.S.C. § 3632(d)(4)(B)(i). The same day, the BOP granted Petitioner credit under that rule and released Petitioner from custody to begin his term of supervised release [Doc. 11-2].

On February 7, 2022, Respondent filed a motion to dismiss the petition as moot, arguing that Petitioner had been granted the relief sought in his initial petition and he was not entitled to receive FSA credit before the BOP promulgated its rule about how to calculate the credit [Doc. 11 at 4]. In response, Petitioner noted that his release on home confinement was pursuant to the CARES Act—not the FSA—and that the BOP released him from that confinement without a calculation of his earned-time credits [Doc. 12 at 2]. Petitioner argued that, according to his calculations, he spent approximately nine months on home confinement when he should have been transferred to supervised release, and, as a result, he is entitled to financial compensation or application of the earned-time credits to his term of supervised release [*Id*. at 3].

2

After reviewing Respondent's motion and Petitioner's objection, the Court ordered the record to be supplemented [Doc. 13]. Specifically, the Court stated:

> Petitioner has amended his petition to request, *inter alia*, credit toward his three-year term of supervised release for the earned-time credits he has acquired under the First Step Act ("FSA") [*See, e.g.*, Docs. 4, 5, and 9]. While Respondent has attached a sentence computation from the Bureau of Prisons ("BOP") showing that earned-time credits were applied to release Petitioner on supervised release as of January 13, 2022, the Court is unable to determine whether the BOP has conducted a calculation of the credits to which Petitioner is entitled, and, if so, whether any earned-time credits have been applied to Petitioner's term of supervised release. Therefore, within thirty (30) days of entry of this Order, the Court **ORDERS** Respondent to supplement the record in this cause with documentation of the earned-time credits the BOP has credited Petitioner under the FSA, and the calculation of those credits toward Petitioner's custody and/or supervised release. Respondent should attempt to explain the mechanics of the computation data to Petitioner's case or advise the Court why such an explanation cannot be provided.

[*Id.* at 1–2]. Respondent timely supplemented the motion to dismiss, stating that the BOP calculated Petitioner's earned-time credits at 540 days when the calculation was performed on December 25, 2021, and that since Petitioner had fewer than 540 days remaining until his custodial term was completed on March 4, 2022, the BOP released him on January 13, 2022 [Doc. 14]. Respondent further argued that while FSA time credits may be applied to transfer a prisoner to supervised release, it does not authorize courts to apply earned-time credits to reduce the length of supervised release [*Id.* at 4]. Petitioner filed a response, arguing that he is entitled to application of his time credits to his term of supervised release or financial compensation for the unused credits [Doc. 15].

## II. ANALYSIS

The FSA provides that eligible inmates who successfully participate in certain evidence-based recidivism-reduction programs or productive activities will earn time credits to be applied toward the inmate's pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). The record before the Court establishes that Petitioner's projected date for sentence completion was

3

March 4, 2022; that Petitioner was credited with an accumulation of 540 days of credit by the BOP due to his participation in FSA-eligible activities; and that Petitioner's earned-time credits were applied to release him to supervised release on January 13, 2022, the day the BOP implemented its final rule [*See, e.g.,* Docs. 14 and 15]. Therefore, some fifty-one days of Petitioner's accrued earned-time credits were used to hasten his transfer to supervised release [March 4, 2022 minus 51 days equals January 13, 2022]. The issue before the Court is whether Petitioner is entitled to any relief for the 489 days of unused FSA time credits he accumulated, or whether his petition is moot due to his transfer to supervised release.

"[I]n interpreting a statute a court should always turn first to one, cardinal cannon before all others. . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (noting "judicial inquiry complete" when statute's language is unambiguous). Here, the relevant statutory provision provides that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in . . . supervised release." 18 U.S.C. § 3632(d)(4)(C). Therefore, the unambiguous, mandatory language of the statute provides that earned-time credits may be applied to a term of supervised release.

Citing *United States v. Johnson*, Respondent argues that earned-time credits cannot reduce Petitioner's term of supervised release, as doing so would leave the objectives of supervised release unfulfilled. *United States v. Johnson*, 529 U.S. 53, 59 (2000) (finding "[s]upervised release fulfills rehabilitative ends distinct from those served by incarceration"). However, *Johnson* was decided long before the FSA was enacted. The FSA explicitly provides for eligible inmates to earn time credit for activities that promote rehabilitative functioning, and Petitioner is entitled to receive the

4

benefit of his participation in those activities. Therefore, the Court will apply the unused FSA time credits toward Petitioner's term of supervised release.

## III. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss [Doc. 11] will be **DENIED**, and the petition will be **GRANTED** insofar as Petitioner is entitled to a credit of 489 days toward his term of supervised release.[1]

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner is not entitled to damages for any period of allegedly unlawful incarceration, as the Court is ordering that he receive the benefit of his earned-time credits, and monetary compensation is otherwise unavailable in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").